## MORLEY & ELLIMAN vs. GREEN and others.

The court of chancery has no power or jurisdiction over a person who is not a party to the suit, to compel him to deliver over to the master, for the purpose of having them delivered to the complainant, books and papers belonging to the parties to the suit, which such stranger to the suit claims were placed in his hands by one of the parties, before the commencement of the suit, as security for a debt.

Where books and papers, in the hands of a third person, are wanted as evidence, upon a reference to a master to appoint a receiver, the proper course is to compel the person, in whose possession they are, by a subpœna duces tecum, to attend before the master, with such books and papers, and to give evidence in relation thereto.

But neither the master nor the court would, in that case, have the right to compel the delivery of the books and papers, to the master, for any other purpose than as evidence on the reference.

Where the complainant wishes to obtain the custody of the books and papers in the hands of a third person, the proper course is to make such person a party defendant.

Upon the hearing of a motion against a third person who is not a party to the suit, the pleadings and other proceedings in the cause, cannot be used, if they have not been served on such person, with the notice of the motion.

THIS was an appeal by S. D. Wilmott, from an order made in this cause, by the vice chancellor of the first circuit, directing the appellant to bring into the master's office certain account books in his possession, that the receiver appointed in the suit might have the benefit of the same before the master, and that the master might deliver them over to the receiver, if he should deem it proper that the receiver should be put into the possession of them. The appellant was not a party to this suit, but being called before the master, to whom it was referred to appoint a receiver of the copartnership effects of the firm of Green & Morley, and being sworn as a witness, the master required him to produce and deliver to him certain books in his possession, belonging to the late firm of Green & Morley. The witness testified that the books were delivered to him, before the commencement of this suit; that some of them were delivered to him, as a security for responsibilities he had assumed for the firm, &c. and that, upon others, he had a lien for labor performed thereon. He therefore refused to deliver them to the master, or to the receiver, until his claims were paid. A motion was

Morley *v.* Green.

thereupon made to the vice chancellor, for an attachment against the witness, or for such other order as might be proper. The appellant was served with the copy of an affidavit made by the receiver, and with a notice that the motion would be founded upon that affidavit, and upon the pleadings and proceedings on file in this cause, including the order for the appointment of a receiver, and the master's report showing the approval and appointment of such receiver. And, upon the hearing of the motion before the vice chancellor, the appellant insisted that the pleadings and other proceedings in the suit, which had not been served upon him, and which he had never seen, could not be read, as he had not had an opportunity to answer the same. None of these papers were furnished to the chancellor, upon the hearing of the appeal, except the examination of the appellant as a witness before the master; nor did it appear whether they were or were not used before the vice chancellor upon the hearing of the motion.

*M. T. Reynolds,* for the appellant.

*Julius Rhoades,* for the respondents.

THE CHANCELLOR. It is not material to the decision of this appeal to inquire whether the vice chancellor did or did not allow the papers referred to in the notice, and which were not served upon the appellant, to be read upon the motion. It would however be irregular and improper to allow papers to be read against Wilmott, upon the motion, which had not been served on him; so as to give him an opportunity to answer them, or understand the contents thereof. But admitting those papers to have contained all that the respondent's counsel supposes them to have contained, and that they had been regularly served upon the appellant, the order appealed from is clearly erroneous. For the court had no jurisdiction over the appellant, he not being a party to the suit, to compel him to deliver over the books and papers in his possession, to the master, with a view to their delivery to the receiver. He was a mere witness before the master; and, if these books were wanted as evidence in relation to any matter of inquiry upon the reference, the proper

course to obtain the books, for that purpose, was to serve the witness with a subpœna duces tecum, to attend with the books, and to give evidence in relation to the same.    But neither the master nor the court, even in that case, would have the right to take the books out of the possession of the witness, and deliver them over to the receiver, without the consent of such witness; or to allow them to be used for any other purpose than as mere evidence, upon the subject of the inquiry which was properly before the master, upon the reference.

A case very similar to the one now under consideration came before the court of review, in England, in August last.    There, the attorney of the bankrupts had in his possession a deed, belonging to them, which he refused to deliver to the solicitor of the assignee—claiming a lien upon such deed, for professional services. He was thereupon summoned as a witness, before the commissioner in bankruptcy, to be examined touching the estate of the bankrupts, and to produce the deed upon his examination.    He attended accordingly, and produced the deed.    And the commissioner having decided that the witness had no lien upon the deed, ordered him to deliver it up; which he declined to do, until his lien was paid.    The commissioner then directed the officer of the court to take the deed from him; which was accordingly done.    But, upon appeal to the court of review, the Chief Judge, Sir James Lewis Knight Bruce, said the court could not in this way decide as to the validity of the alleged lien; and that the commissioner might as well have taken from the witness the suit of clothes in which he came to court, as to take the deed upon which he claimed to have a lien.    (See Ex parte Llewellyn, 8 Lond. Jur. Rep. 816.)

So in the case under consideration, the appellant was a mere witness before the master, upon the reference, and the court had no jurisdiction over him except in that character.    It had no right, therefore, to order him to deliver up the books in his possession, whether his claim to such possession was or was not well founded.    The agency of the appellant, as he testified, had ceased before the commencement of this suit.    And if the complainants wished to obtain possession of these books, upon the

ground that he improperly withheld them, they should have made him a party to their suit, either by an amendment of their bill or otherwise; so as to enable the court to extend the receivership to him, so far as related to the books in his possession. Or if they merely wanted the books as evidence before the master, upon the reference, they should have called upon him to produce them, as evidence, by a subpœna duces tecum, in the usual way.

The order appealed from is therefore erroneous and must be reversed; and the application must be denied, with costs.